IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALIAKSEI VLADIMIROVICH SUKHOTSKI,

*Petitioner*,

v.

WARDEN, *Moshannon Valley Processing Center*, *et al*,

*Respondents*.

Civil Action No. 3:26-cv-76

Hon. William S. Stickman IV

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition of Habeas Corpus. (ECF No. 1). On December 11, 2025, officers of ICE-ERO, the U.S. Border Patrol, and Customs and Border Protection conducted an arrest operation for Petitioner, and arrested him outside of his house. (ECF No. 7-2 at 2). Since then, he has been detained at Moshannon Valley Processing Center, and his removal proceedings are ongoing. Petitioner had a bond hearing before an immigration judge ("IJ") on January 8, 2026, and the IJ denied bond, finding Petitioner was a flight risk. (ECF No. 7-3 at 3). The parties do not dispute that Petitioner was appropriately detained under 8 U.S.C. § 1226, and that he received an individualized bond hearing. What Petitioner seeks from the Court is an order of release as he believes his arrest violated his Fourth Amendment rights. For the following reasons, his petition will be denied.

Petitioner was detained pursuant to 8 U.S.C. § 1226(a), which provides that an alien may be arrested and detained pending a decision on whether he is to be removed from the United States. Respondents accurately note:

> As of the time of [Petitioner's] arrest (and now), records showed that [Petitioner] had overstayed his visa, was in pending removal proceedings, and had no lawful status in the United States. Ex. 1 at 1; Ex. 2 at 2. …. And as the record also indicates, [Petitioner] had previously been found ineligible for immigration relief by USCIS. Ex. 2 at 2.

(ECF No. 7, p. 4). At around 7:30 a.m. on December 11, 2025, a male matching the description of Petitioner was observed exiting the last known address of Petitioner. (ECF No. 7-2, p. 2). In other words, the officers saw Petitioner, who was their target, and arrested him.

While there does not appear to be any Fourth Amendment flaw with Petitioner's arrest,[1] if there was, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if ... an unlawful arrest, search, or interrogation occurred." *Id*. This is to say that even if Petitioner's arrest was unlawful, his detention pending removal may stand. The Court concurs with Respondents that "[a]ny Fourth Amendment flaw in his arrest thus would not undermine his removal proceedings or his detention during those proceedings." (ECF No. 7, p. 4).

[1] The Fourth Amendment protects against unreasonable seizures by the government. U.S. Const. amend. IV. An arrest by a law enforcement officer without a warrant "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citation omitted). "The probable cause inquiry is 'commonsense,' 'practical,' and 'nontechnical;' it is based on the totality of the circumstances and is judged by the standard of 'reasonable and prudent men.'" *United States v. Donahue*, 764 F.3d 293, 301 (3d Cir. 2014) (quoting *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983)). The Court must "evaluate 'the events which occurred leading up to the search, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Id*. (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)) (ellipses and brackets omitted). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

Lastly, as an alternative basis for denying the petition, the Court finds that it lacks jurisdiction over Petitioner's Fourth Amendment claim pursuant to 8 U.S.C. § 1252(b)(9) because Petitioner can raise his illegal arrest claim in a petition for review in the appropriate court of appeals, if necessary. *See Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) ("[T]o avoid getting channeled to a [petition for review], a claim must raise now-or-never questions, not just now-or-never harms." (emphasis in original)); *Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

AND NOW, this 26th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/Williams S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE